IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SOUNTHONE VIET KATEKEO,

    Petitioner,               No. CIV S-08-2776 JAM GGH P

    vs.

T. FELKER,

    Respondent.          ORDER

_____/

    Petitioner, a state prisoner proceeding pro se, has filed this application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local General Order No. 262.

    On March 26, 2009, the magistrate judge filed findings and recommendations herein which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within twenty days. Respondent did not file objections.

    Rather than filing objections, petitioner filed a notice of appeal. Accordingly, the court will direct the Clerk of the Court to process the appeal. Fed. R. App. P. 4(a)(2).

/////

/////

1

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 72-304, this court has conducted a de novo review of this case. Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and by proper analysis.

Because the court orders the petition denied, petitioner's April 17, 2009, motion for appointment of counsel is denied.

Before petitioner can appeal this decision, a certificate of appealability must issue. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The certificate of appealability must "indicate which specific issue or issues satisfy" the requirement. 28 U.S.C. § 2253(c)(3).

A certificate of appealability should be granted for any issue that petitioner can demonstrate is "'debatable among jurists of reason,'" could be resolved differently by a different court, or is "'adequate to deserve encouragement to proceed further.'" Jennings v. Woodford, 290 F.3d 1006, 1010 (9th Cir. 2002) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 (1983)).[1]

Petitioner has made a substantial showing of the denial of a constitutional right in the following issues presented in the instant petition: 1) whether the trial court improperly denied petitioner's motion to substitute counsel; 2) whether the trial court improperly denied counsel's motion for a continuance; and 3) whether the trial court erred in admitting gang evidence.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed March 26, 2009, are adopted in full;

2. Petitioner's application for a writ of habeas corpus is denied.

---

[1] Except for the requirement that appealable issues be specifically identified, the standard for issuance of a certificate of appealability is the same as the standard that applied to issuance of a certificate of probable cause. Jennings, at 1010.

3. Petitioner's April 17, 2009, motion for appointment of counsel (no. 24) is denied;

4. The Clerk of the Court is directed to process petitioner's appeal (no. 23);

5. A certificate of appealability is issued in the present action.

DATED: May 21, 2009

/s/ John A. Mendez
UNITED STATES DISTRICT JUDGE